## In the matter of G. & E. Congdon, infants.

The provision of the revised statutes, which authorizes the general guardian of an infant tenant in common, with the consent of the court of chancery, to agree to a sale of the estate, for the purpose of making partition, does not authorize the guardian to sell to a co-tenant, but only to join with the other tenants in common in a sale of the joint interest in the property.

The court will not authorize the guardian to join in a sale, 'except on the report of a master that such sale is necessary and proper; and the guardian must give security for the faithful performance of his trust on such sale, and to bring the proceeds of the infant's share into court, or to invest and account for the same, as the court shall direct.

If a co-tenant wishes to buy the infant's share in an estate which cannot be divided, and is willing to give the fair value thereof, the general guardian should apply for liberty to sell, under the article of the revised statutes relative to the sale and disposition of infants' estates.

It is a sufficient ground to authorize a sale of an infant's property, that it is held in common with adults, and that the value of the estate is small, in comparison with the expense of a partition suit, to which it must otherwise be subjected.

August 4th.     C. F. INGALLS, in behalf of the general guardian of the infants, presented a petition under the 86th section of the title of the revised statutes, relative to the partition of lands, (2 R. S. 330,) praying that the guardian might be permitted to sell the share of the infants in the premises to the adult owners of the other shares. The premises consisted of a farm of about 180 acres.

THE CHANCELLOR. The object of the section, under which this application is made, was not to authorize the guardian of an infant tenant in common to sell to his co-tenants. It was to authorize him to join with them in a sale of the property, where it is so situated that it cannot be partitioned without great prejudice to the owners; and where a sale would be decreed on a bill filed for that purpose. Even in those cases the court will not authorize the general guardian to join in a sale, unless upon the report of a master that such a sale is necessary and proper. And the guardian must also give a bond, with two sufficient sureties, in double the value of the share of the infant in the property, and the interest thereon during minority, conditioned for the faithfu

performance of the trust by such guardian on the sale, and to bring the proceeds into court, or to invest and account for the same, as the court shall direct.

If it is for the interest of the infant to sell, and the co-tenant is willing to buy his share at its fair value, the proper, as well as the more simple mode of proceeding, is to apply to the court under the article of the revised statutes relative to the sale and disposition of infants' estates. (2 R. S. 193, § 170. Rule 157, &c.) The fact that the property of an infant is liable to the expense of a proceeding in partition, by adult owners of an undivided share thereof, is always taken into consideration in deciding upon the propriety of authorizing a sale. And it is always a good reason for selling the infant's undivided share, under this article, that the estate is held in common with adults; and that the value of the estate is small, when compared with the expense of a partition suit, to which it will be subjected, if a sale by a special guardian should be refused.

In this case an application must be made for a sale under that provision of the statute; and the co-tenant, or any other person, can then become the purchaser, at a fair valuation.